Kevin P. Holt, ISB #7196
HOLT LAW OFFICE, PLLC
618 N. 4th Street, Suite 2
Coeur d'Alene, Idaho 83814
Telephone: 208-664-5011
Facsimile: 208-765-5681

Attorney for Plaintiff

UNITED STATES COURT

DISTRICT OF IDAHO

| | |
|---|---|
| CASS DAVIS,<br><br>         Plaintiff,<br><br>    vs.<br><br>MOSCOW FOOD CO-OP, Inc.<br><br>         Defendant. | Case No. 11-210<br><br>COMPLAINT AND DEMAND FOR JURY TRIAL |

COMES NOW, Plaintiff, Cass Davis (hereinafter "DAVIS"), by and through his attorney Kevin P. Holt of Holt Law Office, PLLC, for his Complaint against the Defendant, Moscow Food Co-Op, Inc. (hereinafter "MOSCOW FOOD") and complains and alleges as follows:

All facts, statements and allegations set forth in any part of this Complaint are also re-alleged in every other part of this Complaint.

**PARTIES**

1.      At all relevant times relevant to this Complaint, DAVIS was a resident of the District of Idaho.

2.      At all relevant times relevant to this Complaint, Defendant, MOSCOW FOOD was and is a corporation, doing business in the District and State of Idaho.

COMPLAINT - 1

## JURISDICTION AND VENUE

3. This Court has jurisdiction under the Americans with Disabilities Act, Title 42, Chapter 126, Section 12101 et seq., and concurrent jurisdiction over the Idaho Disabilities Act, Tile 67 Chapter 59, Idaho Code as amended. This Court has subject matter jurisdiction over DAVIS's claims for relief pursuant to 28 U.S.C. §§ 1331 and 1343. This Court has jurisdiction over the state causes of action pursuant to the doctrine of pendent jurisdiction because each of these claims arises out of the same facts and actions as the federal claims. Supplemental jurisdiction over DAVIS's additional claims exists pursuant to 28 U.S.C. § 1367(a).

4. Venue lies in the District of Idaho based upon the residence of the Plaintiff and the place of business of the Defendant and because the acts complained of occurred within the District of Idaho. 28 USC 1391, and the Idaho Human Rights Act, Idaho Code §§ 67-5901, *et seq*.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. Plaintiff timely filed a charge of discrimination with the Idaho Human Rights Commission and the United States Equal Employment Opportunity Commission claiming discrimination on the basis of disability.

6. The Idaho Human Rights Commission and the Equal Employment Opportunity Commission each issued a Notice of Right to Sue.

7. This Complaint is filed within 90 days of the issuance of the Notices of Right to Sue, and/or pursuant to a tolling agreement entered into by the parties.

8. Accordingly, all administrative remedies required prior to filing suit have been exhausted.

**FACTS**

9. DAVIS began working for MOSCOW FOOD on June 13, 2007 as a produce stocker. He held that position for the next two years with no performance problems. He injured his back while working the evening shift on June 25, 2009 after being called in to cover for short staffing.

10. Although DAVIS finished his shift, his back pain worsened throughout the night prompting him to notify MOSCOW FOOD that he could not report to work the next day and he was seeking medical attention. DAVIS had been diagnosed with advanced lumbar degenerative disk disease and lumbar disk herniation several years earlier which flared up occasionally and he generally treated by restricting his physical activities, seeking health care and taking medication until the pain subsided.

11. DAVIS was treated by a chiropractor on June 26, 2009 who excused him from work for the remainder of the week. DAVIS returned to work the next week on July 3, 2009 performing his regular duties for the full week.

12. He worked a full shift the first day of the next week, July 10, 2009 but was approached during his shift the next day, on July 11, 2009 by Kenna Eaton, MOSCOW FOOD's General Manager, who stated that she knew from personal experience that back injuries require time to heal properly. She suggested DAVIS take time off under FMLA. Ms. Eaton came back to DAVIS several times during the day encouraging him to utilize FMLA to attend to his back injury going so far as to have FMLA paperwork prepared and offering to fill-in for part of his duties assisting a co-worker that day so he could leave.

13. Ms. Eaton was forceful in stating that DAVIS' job would not be jeopardized by the absence to treat his back. DAVIS conceded and began the process of rehabilitating his back.

14. After eight weeks, on August 24, 2009 DAVIS's physician, Dr. David Rych, released him to return to work, initially one-half to three-quarter time for one pay period and then return to full time, unrestricted duties. DAVIS submitted the work release to management the same day but heard nothing from MOSCOW FOOD.

15. After a week passed, DAVIS contacted Steve Kobs, Operations Manager for MOSCOW FOOD, who then advised DAVIS that MOSCOW FOOD would only accept a full medical release to return him to work.

16. On August 31, 2009 Dr. Rych gave DAVIS a full work release to which Mr. Kobs responded to by requiring DAVIS to submit to an independent medical examination (IME) which was scheduled for September 23, 2009 with Dr. Craig Stevens.

17. Although it was anticipated that the IME report would take a minimum of ten days after the examination and that DAVIS' twelve weeks of job protection under FMLA was due to expire approximately October 3, 2009, DAVIS reported to Dr. Stevens for his appointment.

18. Dr. Stevens issued his findings stating that DAVIS could return to his pre-injury position immediately. Dr. Stevens limited his report to the injury sustained on June 25, 2009.

19. Although Dr. Stevens concluded that DAVIS had returned to his pre-accident status, DAVIS was not returned to work by MOSCOW FOOD. Instead, he was notified by Ms. Eaton and Mr. Kobs in a meeting on October 13, 2009 that his medical records had revealed an old back injury and they felt it would be "dangerous" for him to continue to work. This meeting was recorded by DAVIS, with MOSCOW FOOD's knowledge and a transcript was provided to MOSCOW FOOD. During the meeting, Mr. Kobs insisted that in order for MOSCOW FOOD to allow DAVIS to return to work he must submit to another IME and abide by that doctor's

COMPLAINT - 4

decision as to whether DAVIS could return to work based upon the parameters established by MOSCOW FOOD.

20. Mr. Kobs made it clear that the doctor's decision would be binding and that if DAVIS did not agree to this arrangement he would be terminated.

21. DAVIS told Mr. Kobs that he intended to consult with an attorney and that he felt these actions were discriminatory. In response, Mr. Kobs stated that if DAVIS took the issue to an attorney who recommended that he sue MOSCOW FOOD for discrimination, that DAVIS would be immediately terminated.

22. DAVIS was given until the end of the month (October 31, 2009) to decide whether to submit to MOSCOW FOODS's proposal. DAVIS followed up after the meeting inquiring about details of the binding agreement but received no response from MOSCOW FOOD.

23. Instead, MOSCOW FOOD suddenly reversed its position and scheduled DAVIS for work. MOSCOW FOOD sent him a letter on October 23, 2009 informing him that he was expected to resume his duties on October 25, 2009.

24. DAVIS (anticipating that a co-worker would be forced to work a shift alone if he did not show up) worked the October 25th shift. However, he notified Ms. Eaton in writing on October 26th that he would not be returning until the numerous issues which had surfaced were addressed. MOSCOW FOOD had given DAVIS until the last day of October 2009 to respond to MOSCOW FOOD's ultimatum.

25. On October 28, 2009, DAVIS's employment was terminated, despite being given until the end of the month to consent to another medical evaluation.

COMPLAINT - 5

## FIRST CAUSE OF ACTION
## Americans With Disabilities Act,
## 42 USC §§ 12101-12213

26.     MOSCOW FOOD, at all times material herein, employed over 15 employees.

27.     At all times material herein, DAVIS was a qualified individual and able to perform the primary functions of his position with or without reasonable accommodation.

28.     DAVIS, at all material times herein, suffered from a disability or was regarded as suffering from a disability by MOSCOW FOOD.

29.     DAVIS requested reasonable accommodation for his disability (or regarded disability) which would not have unduly disrupted or interfered with the MOSCOW FOOD's normal operations, threatened the health or safety of DAVIS or others, contradicted a business necessity of MOSCOW FOOD or imposed undue hardship on MOSCOW FOOD.

30.     DAVIS requested reasonable accommodation.

31.     MOSCOW FOOD discharged, and refused to provide reasonable accommodation and otherwise discriminated against DAVIS because of his disability.

32.     MOSCOW FOOD discriminated against DAVIS because of his disability with respect to the terms, conditions and privileges of employment when it (a) refused to accommodate his disability (or regarded disability); (b) failed to engage in interactive dialog with DAVIS to determine what reasonable accommodation would permit him to perform the primary functions of his position; (c) retaliated, interfered, coerced, intimidated and threatened DAVIS for exercising his rights under the ADA; and (d) terminating DAVIS's employment because of his disability (or regarded disability); in addition to other actions and inactions described in this Complaint.

33. As a proximate result of MOSCOW FOOD's unlawful conduct in violation of the Americans With Disabilities Act, DAVIS has been damaged in an amount to be determined at trial.

34. MOSCOW FOOD intentionally violated the ADA and acted with malice and/or reckless indifference to DAVIS's federally protected rights entitling DAVIS to punitive damages in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### Idaho Human Rights Act
### Idaho Code §§ 67-5901, *et seq*.

35. The acts of MOSCOW FOOD as alleged in the First Cause of Action above constitute a violation of the Idaho Human Rights Act, Idaho Code §§ 67-5901, *et seq*.

36. MOSCOW FOOD employed five or more employees within the State of Idaho at all material times herein.

37. As a proximate result of the unlawful actions and inactions of MOSCOW FOOD described herein, DAVIS has been damaged in an amount to be determined at trial.

Plaintiff is entitled to attorney fees, expert witness fees, and costs incurred herein, pursuant to one or more of the following: 42 U.S.C. § 1988, 42 U.S.C. § 12205, Idaho Code § 12-120, and any other applicable federal and or state statute.

## THIRD CAUSE OF ACTION
### Family Medical Leave Act FMLA
### 29 USC 2615

38. The acts of MOSCOW FOOD as alleged in the First Cause of Action above, and elsewhere herein, constitute a violation of the FMLA

39.     As a result of MOSCOW FOOD's violations DAVIS is entitled to damages as set forth in the FMLA and reasonable attorney's fees, reasonable expert witness fees, and other costs of the action.

## FOURTH CAUSE OF ACTION
## Wrongful Termination

40.     The acts of MOSCOW FOOD as alleged in the First Cause of Action above, and elsewhere herein, constitute wrongful termination of DAVIS, as violating public policy, breach of an implied contract between the parties, and breach of good faith and fair dealing.

41.     As a result of MOSCOW FOOD's violations DAVIS is entitled to damages and reasonable attorney's fees, reasonable expert witness fees, and other costs of the action.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial.

WHEREFORE, DAVIS prays for judgment against MOSCOW FOOD as follows:

1. Statutory damages for lost wages (back pay and front pay), benefits, and other compensation, plus interest thereon at the statutory rate, pursuant to 42 USC § 1981a(b)(2), and Idaho Code §§ 67-5901, *et seq.* and other applicable statutes.

2. Equitable relief in the form of reinstatement, back pay and/or front pay, as the court deems appropriate, pursuant to 42 USC § 1981a(b)(2) and other applicable statutes.

3. Compensatory damages including lost wages, back pay, front pay and benefits according to proof;

4. Non-pecuniary losses to Plaintiff, including damages for emotional pain, stress, grief, anxiety, loss of self esteem, inconvenience, mental anguish, humiliation, stigma, and loss of enjoyment of life;

5.  Punitive damages for intentional violation of the ADA and malice and reckless indifference to Plaintiff's federally protected rights pursuant to 42 USC § 1981a(b)(1) and other applicable statutes;

6.  Attorney's fees, litigation expenses, expert witness fees, and costs of this action, pursuant to 42 USC §§ 12117(a), 12133, 2000e-5(k); 29 USC § 794a(b), and other applicable statutes;

7.  For prejudgment and post judgment interest; and

8.  Such other relief as this Court may deem just and proper.

DATED this 10th day of May, 2011.

HOLT LAW OFFICE, PLLC

/s/ Kevin Holt
Kevin P. Holt

s:\files\d\davis\cass\pleadings\complaint.docx